UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER,<br>    Plaintiff,<br><br>   v.<br><br>COLLINS, et al.,<br>    Defendants. | Case No. 24-cv-08902 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at CJ2. Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff is a civil detainee on a commitment hold at CJ2.  Dkt. No. 1 ¶ 1.  Plaintiff asserts his constitutional right to be housed in non-punitive conditions has been violated under the Fourteenth Amendment.  Id.  He seeks injunctive relief and damages under the Americans with Disabilities Act and the Rehabilitation Act.  Id.

Plaintiff specifically alleges that since October 27, 2021, he wrote grievances to Defendants Sheriff Miyamoto, Chief Adams, Captain Collins, and Undersheriff Johnson claiming that his housing in E-pod general population amounted to punitive conditions.  Id. ¶ 15.  He claims that he was hospitalized at San Francisco General Hospital for chest pain and anxiety attacks, and that he had no access to the gym or recreation for months.  Id. ¶¶ 11-18.  Then at some time in October 2024, he was attacked by Inmate "R" after Defendant Deputy Perez opened the gate to adseg.  Id. ¶¶ 20-22.  Inmate "R" rushed through the gate, slipped on water, and then continued to run at Plaintiff and attacked him.  Id. ¶ 25.  An altercation took place between Plaintiff and Inmate "R", during which Plaintiff injured his neck, back, and right arm.  Id. ¶¶ 26-28.  Plaintiff claims Defendant Dr. Asa failed to provide adequate treatment for his injuries.  Id. ¶ 34.

Plaintiff made identical allegations and claims against the same defendants in a separate lawsuit, Walker v. Sgt. Ibarra, et al., Case No. 24-cv-08900 EJD (PR), Dkt. 1 ("Walker I").  That complaint was dismissed with leave to amend to correct various deficiencies.  Id., Dkt. No. 8.

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious.  Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021.  An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even

if now filed against new defendants, therefore is subject to dismissal as duplicative. Bailey, 846 F.2d at 1021; Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." Adams v. California, 487 F.3d 684, 692-93 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). Here, Plaintiff's case is duplicative of Walker I because the two suits arise out of the same transactional nucleus of facts, i.e., the punitive housing conditions at CJ2, the attack by another inmate, and inadequate medical treatment. Compare Dkt. No. 1 at 7-9 with Duckett I, Dkt. No. 1 at 7-9. As this case is duplicative of Walker I, the instant action will be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** as duplicative.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: May 21, 2025

_____
EDWARD J. DAVILA
United States District Judge